IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD R. CONKLIN IV,<br>Plaintiff | : | No. 3:24-cv-0029 |
| | : | (Judge Munley) |
| v. | : | |
| WARDEN JAMES YOUNGKIN,<br>Defendant | : | |

## **MEMORANDUM**

### I. **Background**

Plaintiff, Donald R. Conklin, an inmate confined in the Carbon County Correctional Facility, Nesquehoning, Huntingdon, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). He complains that he was "denied an opportunity to shower and come out for recreation" from Friday, October 27, 2023, through Monday, October 30, 2023. Id. For relief, Plaintiff seeks compensatory damages in the amount of $50,000.00. Id. The sole Defendant is James Youngkin, Carbon County Correctional Facility Warden. Id. Conklin seeks to proceed *in forma pauperis*. (Doc. 6). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. §1915A(a). For the reasons set forth below, the motion to proceed *in forma pauperis* will be granted for the sole purpose

of filing the action, and the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B(ii).

## II. Standards of Review

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. §1915(e)(2)(B) and §1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013).

In dismissing claims under §§1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under §1915A(b)(1), §1915(e)(2)(B)(ii), or §1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to §1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240

(3d Cir. 1999) (applying Fed.R.Civ.P. 12(b)(6) standard to dismissal for failure to state a claim under §1915(e)(2)(B)).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a

claim.' Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' Iqbal, 556 U.S. at 679, 129 S.Ct. 1937." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Conklin proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

### III. Factual Background

Plaintiff states that he "was denied an opportunity to shower and come out for recreation for 96 consecutive hours" on "Friday, October 27, 2023 at

- 4 -

approximately 1800 hours through Monday, October 30, 2023 at approximately 2200 hours." (Doc. 1).

Plaintiff filed Grievance No. 23-0130, which was denied on October 31, 2023, as follows:

> After reviewing your grievance, your grievance is denied. The unfortunate staffing issue(s) we have/had is not a violation of any constitution as you put it. The ultimate goal of the facility is safety and security. You claim that your Rec time was lost, however, the ultimate goal of safety and security was maintained. I think we achieved monumental accomplishments by keeping the goals of a safe and secure operation of the facility while staffing was hindered. Instead of receiving "relief" compensation, you should be thanking the staff on duty for assuring that everything ran as it did.

(Doc. 1-5). Plaintiff appealed Grievance No. 23-0130, which was denied on November 1, 2023, based on the following:

> You are RHU status. You do not come out on weekends. Commonwealth of Pennsylvania Department of Corrections PA Code Title 3795.238(4) inmates under disciplinary status or segregation shall receive 1 hour outdoor (weather permitting) activity 5 days a week. Also, sometimes unforeseen circumstances arise and the jail must be put in lockdown for the safety of the jail, staff and inmates. Your grievance is denied at my level.

(Doc. 1-7).

**IV. Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. §1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under §1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff maintains that his Eighth Amendment rights were violated when he was placed on movement restriction for four (4) days, resulting in an inability to shower or access the exercise yard during that time. (Doc. 1). Plaintiff's inability to shower for four (4) days, however, does not rise to the level of an Eighth Amendment violation. See Barndt v. Wenerowicz, 698 F. App'x 673, 677 (3d Cir. 2017) (concluding that the denial of showers for

twenty-eight (28) days did not rise to the level of an Eighth Amendment violation); Briggs v. Heidlebaugh, No. Civ. A. 96-3884, 1997 WL 318081, at *3 (E.D. Pa. May 21, 1997) (concluding that a denial of showers for two (2) weeks does not amount to a constitutional violation).

Likewise, Plaintiff's inability to access the exercise yard during that four (4)-day period fails to rise to the level of a constitutional violation. The Third Circuit "has never extensively addressed in a precedential opinion when a deprivation of outdoor exercise amounts to a substantial deprivation." See Barndt, 698 F. App'x at 677. The Court of Appeals has noted, however, that "when making this determination, courts should consider the totality of the circumstances, including, but not limited to, the length of the deprivation, the availability of recreation within the cell, and whether the inmate suffered any ill health effects as a result of the deprivation." See id. In the instant case, Plaintiff's own exhibits demonstrate that, in addition to being housed in the RHU, which does not provide weekend recreation, the prison was on lockdown during the four (4) day time period in question. Moreover, Plaintiff offers no allegations suggesting that he was unable to exercise within his cell and that he suffered any ill health effects. Moreover, the deprivation of outdoor exercise for four (4) days was not a substantial deprivation. See id. (concluding that the inmate-plaintiff could not maintain an Eighth

Amendment claim based upon deprivation of outdoor exercise for twenty-eight (28) days). Accordingly, because the denial of showers and outdoor exercise for four (4) days does not rise to the level of an Eighth Amendment violation, Plaintiff's complaint will be dismissed for failure to state a claim.

To the extent that Plaintiff attempts to bring a Fourteenth Amendment due process claim, by stating that he was "deprived of [his] right to limited liberty and endured a limited loss of life," (Doc. 1 at 5), "complaints concerning the conditions of [ ] confinement are properly cognizable under the Eighth Amendment." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260–61 (3d Cir.2010). Even if considered under the Fourteenth Amendment, restrictions, such as using the phone, yard, and shower, do not constitute protected liberty interests. See Goenaga v. MacDonald, No. 3:14-cv-2496, 2017 WL 1197882, at *6 (M.D. Pa. Feb. 15, 2017), Report and Recommendation adopted, 2017 WL 1178072 (M.D. Pa. Mar. 30, 2017).

## V. Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). The Court must also determine that a proposed amendment would be futile if the complaint,

as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court concludes that it would be futile to grant Plaintiff leave to amend his Eighth Amendment condition of confinement claim as the four day deprivation of a shower and yard, fall woefully low of the constitutional threshold for a violation, and Plaintiff's own exhibits demonstrate that Plaintiff's placement in the RHU, and a prison lockdown, justified the four day denial of a shower and yard. Thus, any amendment would not survive a motion to dismiss.

## VI. Conclusion

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B(ii).

A separate Order will be issued.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Judge

Date: January 25, 2024